01
02
03
04
05
06
07
08
09
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALPHONSE NORIEGA,                          )
                                           )   Case No.  C07-1389-JLR-JPD
                Plaintiff,                 )
                                           )
        v.                                 )
                                           )
WASHINGTON STATE DEPARTMENT OF )               REPORT AND RECOMMENDATION
CORRECTIONS, et al.,                       )
                                           )
                Defendants.                )
_____ )

        Plaintiff Alphonse Noriega, an inmate at the Monroe Correctional Complex in Monroe,

Washington, is proceeding *pro se* and *in forma pauperis* in his attempt to bring a 42 U.S.C. §

1983 civil rights claim against the Washington State Department of Corrections ("DOC"), the

Monroe Correctional Complex ("MCC"), and several MCC employees, only two of which are

named in the caption or body of his complaint.  The gravamen of plaintiff's complaint is that

these defendants have "committed great staff misconduct, abuse of authority, &

discrimination" by denying plaintiff's request to be transferred to the Stafford Creek

Correctional Center.  Dkt. No. 12 at 3, 6.  On September 21, 2007, this Court granted

plaintiff's IFP application, see Dkt. No. 7, but declined to serve his complaint due to several

specified deficiencies.  Dkt. No. 10.  The Court granted petitioner leave to correct these

deficiencies by filing an amended complaint.  Plaintiff has filed an amended complaint, see Dkt.

No. 12, but has failed to cure the deficiencies outlined by the Court.  Accordingly, the Court

REPORT AND RECOMMENDATION
PAGE – 1

01   recommends that plaintiff's complaint be DISMISSED without prejudice.

02        Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action if, among

03   other things, it is frivolous or if the complaint fails to state a claim upon which relief can be

04   granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th

05   Cir. 1990).  An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

06   *v. Williams*, 490 U.S. 319, 325 (1989).

07        Plaintiff has once again failed to allege sufficient facts to place defendants on notice of

08   the nature of his claims, or to otherwise provide any basis for jurisdiction in this Court. *See*

09   Fed. R. Civ. P. 8(a).  His amended complaint provides no short and plain statement of how

10   each individual defendant violated or personally participated in the violation of certain of

11   plaintiff's constitutional rights.  *See, e.g.*, *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350,

12   1355 (9th Cir. 1981).

13        More importantly, the alleged constitutional right at issue and sole form of relief

14   plaintiff seeks—transfer—is not cognizable in this § 1983 action.  A prisoner has no

15   constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461

16   U.S. 238, 245 (1983); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).

17   Furthermore, to the extent that plaintiff's complaint can be interpreted to include a claim for

18   failure to protect, he has failed to state a claim under the Eighth or Fourteenth Amendments,

19   for many of the same reasons outlined by this Court's Order declining service. *See Leer v.*

20   *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (Eighth Amendment); *Redman v. County of San*

21   *Diego*, 942 F.2d 1435, 1440 n.7 (9th Cir. 1991) (en banc) (Fourteenth Amendment).

22        The Court advises plaintiff of his responsibility to research the facts and law before

23   filing an action to determine whether his action is frivolous.  If he files a frivolous action, he

24   may be sanctioned. *See* Fed. R. Civ. P. 11.  If plaintiff files numerous frivolous or malicious

25   actions, the court has the authority to bar him from proceeding on an IFP basis in the future.

26   *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar order

REPORT AND RECOMMENDATION
PAGE – 2

01  requirements).

02      Accordingly, because of the deficiencies in plaintiff's complaint, this action should be

03  DISMISSED without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).  As a result, plaintiff's

04  motions for "Temporary Removal and Transport" (Dkt. Nos. 9, 11, 13) are DENIED as moot.

05   A proposed Order of Dismissal accompanies this Report and Recommendation.  If plaintiff

06  believes that the deficiencies outlined herein can be cured by an amendment to his Complaint,

07  he should lodge an Amended Complaint as a part of his objections, if any, to this Report and

08  Recommendation.

09      DATED this 23rd day of October, 2007.

10

11      _____

12      JAMES P. DONOHUE
        United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION
PAGE – 3